IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 30, 2008

**STATE OF TENNESSEE v. RICHARD LEE NICKENS**

**Appeal from the Circuit Court for Sullivan County**
**Nos. S52,134; S52,140; S52,527 Robert H. Montgomery, Judge**

_____

**No. E2007-02253-CCA-R3-CD - Filed December 15, 2008**

_____

Appellant, Richard Lee Nickens, pled guilty to four counts of theft of property valued at $500 or less, three counts of theft of property valued at over $500, possession of drug paraphernalia, trespass, three counts of burglary of a building, and two counts of theft of property valued at over $1,000 in exchange for an effective sentence of fourteen years. The trial court denied any form of alternative sentencing. Appellant appeals this denial. We determine that the trial court properly denied alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and CAMILLE R. MCMULLEN, J., joined.

William A. Kennedy, Blountville, Tennessee, for the appellant, Richard Lee Nickens.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Greeley Wells, District Attorney General and Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 12, 2006, Appellant was indicted by the Sullivan County Grand Jury for one count of theft of property valued at $500 or more, one count of theft of property valued at over $500, possession of drug paraphernalia, and one count of criminal trespass, for events that occurred on February 19, 2006. Also on July 12, Appellant was indicted for one count of theft of property valued at $500 or less, for events that occurred on April 4, 2006. On July 19, 2006, Appellant was indicted for one count of theft of property valued at $500 or more, for an event that occurred on February 21, 2006. On August 15, 2006, the Sullivan County Grand Jury returned a presentment charging Appellant with one count of theft of property valued at $500 or more and burglary of a building, for events that occurred on March 20, 2006. The grand jury also returned a presentment on the same day charging Appellant with one count of theft of property valued at $1,000 or more, and one count

of burglary, for events that occurred on March 22, 2006. Again, on August 15, 2006, the Sullivan County Grand Jury returned a presentment charging Appellant with one count of theft of property valued at $500 or more and one count of burglary, for events that occurred on April 3, 2006. Finally, on January 31, 2007, Appellant was indicted by the Sullivan County Grand Jury for one count of theft of property valued at $500 or less, for events that occurred on June 16, 2006.

Appellant pled guilty to the charges on July 19, 2007. At the guilty plea hearing, the State summarized the facts leading to the various charges. The prosecutor informed the trial court that Appellant went on a crime spree from January to June of 2006, stealing various items from Sears, JCPenny and K-Mart. Appellant was bold in his actions, often carrying out the thefts during the middle of the day by walking into the store, taking the items, and walking out the door with them. Appellant stole various items including a spot welder and wheelbarrow, men's jackets, overalls, comforters, and blue jeans. During one of the arrests, Appellant was found in possession of a "dirty syringe, a spoon and other drug paraphernalia."

In exchange for the guilty pleas, Appellant received an effective sentence of fourteen years, twelve of which were ordered to be served as a Range III, persistent offender and two years of which were to be served as a Range II, multiple offender.

The trial court held a hearing at a later date in which it determined the manner of service of the sentence. Appellant did not present any evidence at the hearing and chose to rely on the presentence report submitted into evidence by the State. The trial court denied any form of alternative sentencing. The trial court noted that Appellant was out on bond at the time that he committed the offenses. The trial court noted that Appellant had a previous history of criminal convictions, was a Range III offender, and had previously failed to comply with conditions involving release into the community. In other words, the trial court determined that "past efforts at rehabilitation have failed." The trial court found that Appellant's bold behavior by "stealing things in broad daylight" warranted a sentence of incarceration and ordered Appellant to serve all of his sentence in the Department of Corrections.

Appellant appeals the trial court's denial of alternative sentencing.

*Analysis*

On appeal, Appellant submits that none of the above reasons provide a sufficient ground to deny him alternative sentencing. Specifically, Appellant contends that he is a candidate for alternative sentencing despite his prior criminal history because "almost his entire record is composed of non-violent offenses." Additionally, he argues that he has a high probability of successful rehabilitation and a grant of alternative sentencing would not diminish the seriousness of the offense. The State argues that Appellant failed to carry his burden of showing that he was a suitable candidate for full probation.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the presentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).[1]

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration. . . .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." T.C.A. § 40-35-102(6); *see also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). Furthermore, with regard

---

[1] In response to *Blakely v. Washington*, 542 U.S. 296 (2004), the Tennessee Legislature amended Tennessee Code Annotated section 40-35-210. *Compare* T.C.A. § 40-35-210(c) (2003) *with* T.C.A. § 40-35-210(c) (2006). The amendment became effective on June 7, 2005. The legislature also provided that this amendment would apply to defendant who committed a criminal offense on or after June 7, 2005. 2005 Tenn. Pub. Act ch. 353, § 18. Appellant herein committed the offenses in June of 2006. Therefore, the amendment to Tennessee Code Annotated section 40-35-210 applies to Appellant. Specifically, the amendment made the sentencing guidelines "advisory" in nature. T.C.A.§ 40-35-210(c).

to probation, a defendant whose sentence is ten years or less is eligible for probation.  T.C.A. § 40-35-303(a).

However, all offenders who meet the criteria for alternative sentencing are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

T.C.A. § 40-35-103(1)(A)-(C).  In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed."  T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).  The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation.  *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v. Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

After reviewing the record, we determine that the trial court properly denied alternative sentencing.  First of all, Appellant was not an especially mitigated or standard offender and thereby was not to be considered as a "favorable candidate" for alternative sentencing.  T.C.A. § 40-35-102(6); *see also Carter*, 254 S.W.3d at 347.  The presentence report lists twenty-five prior criminal convictions and multiple instances in which Appellant failed when given the opportunity for measures less restrictive than confinement.  We disagree with Appellant's claim that because drug use was the motive for the multiple thefts he has a "high probability of successful rehabilitation."  The record before the trial court made it apparent that confining Appellant was necessary to protect society from Appellant's continued criminal behavior.  This issue is without merit.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE